Hon. William A. Kelly County Attorney, Ulster County
This is in response to your letter wherein you ask our opinion on the following questions:
 1. May a county sheriff appoint a deputy county sheriff who has been convicted of a felony and whose duties would include the possession of a firearm?
 2. May a county deputy sheriff who does jail keeper duties be thereafter assigned to do road patrol duties?
 3. May a person appointed solely as a jail officer be assigned to road patrol duties?
 4. Could the county treasurer incur personal liability for illegally paying a salary to a county employee?
There is no prohibition per se that would automatically disqualify by law a person previously convicted of a felony from being appointed a county deputy sheriff.
A county deputy sheriff falls within the definition of a police officer (CPL, § 1.20 [34] [b]) and a peace officer (CPL, § 1.20 [33] [a]). Penal Law, § 265.20, specifically exempts a peace officer from criminal penalties from possessing a firearm without a license. Under Federal Law, however, title VII of the Omnibus Crime Control and Safe Streets Act of 1968 prohibits a person convicted of a felony from receiving or possessing a firearm that has moved in interstate or foreign commerce (18 U.S.C. Appx § 1202).
The statute contains two exemptions which are: 1) a prisoner whose duties include law enforcement in a prison, and 2) any person who has been pardoned by the President or the chief executive of a state and has been expressly authorized in the pardon to possess in commerce a firearm (see, Hyland v Fukuda, 580 F.2d 977, United States Court of Appeals, 9th Cir, 1978). A convicted felon may also apply for a relief from disabilities pursuant to 18 USCA § 925 (c). (United States v Graves,554 F.2d 65, United States Court of Appeals, 3rd Cir, 1977.)
County Law, § 652 (2), provides for the appointment of deputy sheriffs by the sheriff. Said section also provides that the sheriff may appoint jail keepers, guards and other employees. The sheriff may also depute persons by written instrument to do particular acts only. The sheriff has the power and discretion to use his deputy sheriffs as he deems necessary for the protection of the safety of the inhabitants of the county.
There is no prohibition of law that would prevent a sheriff from assigning a deputy sheriff, appointed to jail officer duties from doing road patrol duties from time to time or to transport prisoners. It is noted that County Law, § 657-a, provides for a fund for expenses of the sheriff in transporting prisoners.
However, a person appointed solely as a jail keeper is not a deputy sheriff and could therefore not engage in police officer functions as a police or peace officer. These police officer functions would include road patrol duties.
Article 13 of the County Law deals with the powers and functions of the county treasurer. One of the functions of the county treasurer is to pay the salaries of the various county employees.
General Municipal Law, § 51, provides that any unauthorized expenditure of public funds is an illegal official act and the person responsible may be held personally liable for the amount so expended in an action instituted by a taxpayer. Section 102 of the Civil Service Law provides a similar remedy. However, we do not have sufficient facts to make any ruling herein, and this is properly a ruling that should be made by the courts based upon the facts.
Accordingly, we conclude that:
1. A person previously convicted of a felony is not per se automatically excluded by law from being appointed a county deputy sheriff, but the possession of a firearm would be subject to the prohibitions of 18 U.S.C. Appx § 1202.
2. A sheriff may request that a deputy sheriff who does jail keeper duties be required from time to time to do road patrol duties. A person appointed solely as a jail keeper is not a deputy sheriff and cannot engage in police officer functions, which could include road patrol duties.
3. A county treasurer may be held personally liable for any illegal or unauthorized expenditures of public funds.